UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSTAR BANK, N.A., <br><br>                           Plaintiff, <br><br> v. <br><br> LEVI SANTIAGO and DOES 1-100, inclusive, <br><br>                           Defendants. | Case No.: 23-cv-1889-WQH-AHG <br><br> **ORDER** |

HAYES, Judge:

On October 16, 2023, Hailey Brooks ("Brooks"), proceeding pro se, removed the above-titled action to this Court from the Superior Court of California, Case No. 37-2023-00013363-CL-UD-CTL. (ECF No. 1 at 1.) Brooks states that she is a defendant in this action and "is a bona fide tenant under the 'Protecting Tenants at Foreclosure Act.'" *Id.* at 2. Brooks attached to the Notice of Removal the first page of an unlawful detainer complaint filed in state court that lists "Flagstar Bank, N.A." as Plaintiff and "Levi Santiago and Does 1-100" as Defendants. *Id.* at 10.

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized" by the United States Constitution and federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the

absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of establishing the Court's jurisdiction "rests on the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. "Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For an action to "arise under" federal law, as is asserted by Brooks in this case, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

Based upon the first page of the initiating document in the state court, Brooks is not a party to this action. 28 U.S.C. § 1441 only permits removal by a defendant. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants…."); *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1240 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."). Brooks has not pointed to any authority indicating that she may be transformed into a defendant in this case. Further, Brooks has not attached the entirety of the complaint in the state court proceeding, which is necessary for the Court to assess the existence of subject matter jurisdiction. *See* 28 U.S.C. § 1446 (requiring the removing party to file "a copy of all process, pleadings, and orders" served in the underlying action in the district court);

*Franchise Tax Bd..*, 463 U.S. at 10 (stating that whether a case arises under federal law must be established based on the plaintiff's complaint). In addition, Brooks removes this action based upon federal question jurisdiction. The first page of the state court complaint, *see* ECF No. 1. at 10, states that the action is an unlawful detainer action, which is a cause of action that is purely a matter of state law. *See Muhammad v. N. Richmond Senior Hous., Inc.*, No. 15-cv-00629-WHO, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions."); *Fed. Nat'l. Mortg. Ass'n v. Enshiwat*, No. CV 12-631 CAS (CWx), 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012) ("Unlawful detainer actions are strictly within the province of state court."); *Franks v. Franks*, No. 3:17-CV-893-CAB-AGS, 2017 WL 1735169, at *1 (S.D. Cal. May 4, 2017) (same); *see also Sec. of Veterans Affairs v. Smith*, 18cv598-MMA (BLM), 2018 WL 1444583, at *1 (S.D. Cal. Mar. 23, 2018) (collecting federal district court cases that have held a Protecting Tenants at Foreclosure Act defense "cannot serve as a basis for removal").

Additionally, Brooks filed a Motion for Leave to Proceed In Forma Pauperis. (ECF No. 2.) Brooks states in her application that, in total, she has $0.00 of income per month. *Id.* at 1. However, Brooks attached to her Notice of Removal a state court fee waiver form, which states that she is employed as a waitress at The Yellow Deli – Valley Center and receives food stamps. (ECF No. 1 at 13.) It appears that Brooks has not accurately completed the Motion for Leave to Proceed In Forma Pauperis.

IT IS HEREBY ORDERED that Hailey Brooks is **ORDERED TO SHOW CAUSE** why this action should not be remanded to state court for a lack of subject matter jurisdiction. Brooks must file a response to this Order within **fourteen (14) days** of the date this Order is filed. In the response, Brooks must do the following: (a) demonstrate subject matter jurisdiction, (b) attach a copy of the entire state court complaint and all other "process, pleadings, and orders" pursuant to 28 U.S.C. § 1446, and (c) either pay the filing fee or file a renewed motion to proceed in forma pauperis that is accurately and entirely

completed. If Brooks fails to timely demonstrate subject matter jurisdiction and pay the filing fee or file a renewed motion to proceed in forma pauperis, the Court will order that this action be remanded to state court.

Dated: October 30, 2023

Hon. William Q. Hayes
United States District Court